IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONNA PERALES FKA § | |
| DONNA PATINO § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-1740 |
| § | |
| WILMINGTON SAVINGS FUND § | |
| SOCIETY, FSB § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Donna Perales fka Donna Patino, Plaintiff, hereby files her Response to Defendant's Motion for Summary Judgment and respectfully shows the Court as follows:

**FACTUAL BACKGROUND**

1.  The subject matter of this lawsuit is the real property and the improvements thereon located at 16251 Villaret Drive, Houston, TX 77083 (the "Property").

2.  Donna Perales fka Donna Patino ("Plaintiff") and her husband purchased the Property on or about May 8, 2008. During the process of purchasing the Property, Plaintiff executed a Promissory Note ("Note") in the amount of $78,764.00 as well as a Deed of Trust through an FHA loan (FHA Case No. 493-8617628-703) in which Franklin American Mortgage Company is listed as the Lender. A true and correct copy of the Note as well as the Deed of Trust is attached hereto as Exhibits "1" and "2" respectively and incorporated herein for all purposes.

3.  Upon information and belief, the Note and related Deed of Trust were subsequently transferred to Wilmington Savings Fund Society, FSB ("Defendant") for which Carrington Mortgage Services, LLC acts as the loan servicer.

Response to Motion for Summary Judgment                                              1

4. As Plaintiff was starting to face financial difficulties due to the COVID-19 pandemic, she contacted Defendant to pursue loss mitigation options - Defendant granted her a Covid-19 Forbearance and promised her that the debt would be restructured once the forbearance period expired. After the forbearance period expired, Plaintiff contacted Defendant to see when her payment was going to resume. Defendant then informed her that they no longer were able to approve loan modifications resulting from Covid-19 forbearances so she was required to pay the total amount of the arrearages in one lump sum or face foreclosure as reflected in the Affidavit of Donna Perales which is attached hereto as Exhibit "3" and incorporated herein for all purposes.

5. Instead of following proper procedure pursuant to the Texas Property Code as well as the related Deed of Trust, Defendant failed to send proper notices. As such, the foreclosure scheduled to be conducted by Defendant should be void as a matter of law because Defendant did not provide Plaintiff with the statutory notices pursuant to Sections 9, 13, and 18 of the Deed of Trust. Defendant's failure to provide Plaintiff with the statutory notices deprives Plaintiff of her due process rights and the opportunity to cure pursuant to Sections 9 and 10 of the Deed of Trust.

6. Accordingly, Plaintiff alleges that Defendant was about to wrongfully sell the Property at a foreclosure sale on March 7, 2023 without providing the required notices and in violation of Plaintiff's due process rights.

## OVERVIEW OF PLAINTIFF'S CLAIMS:

### DECLARATORY JUDGMENT / VIOLATION OF TEXAS PROPERTY CODE SECTION 51.002:

7. Plaintiff concurs with Defendant that Texas law does not require that a homeowner actually receive the notices required by the Texas Property Code - it only requires that notice be mailed to the borrower(s) which is accomplished "when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Nevertheless, it is an undisputed fact that Plaintiff never received the notices required by Texas Property Code §51.002 and it remains unproven by Defendant whether or not they actually sent the required notices. Therefore, there exists a genuine issue of material fact so Defendant's Motion for Summary Judgment should be denied.

### FRAUD IN THE INDUCEMENT OR FRAUD BY NONDISCLOSURE:

8. Plaintiff does not have adequate proof to prove these causes of action; therefore, Plaintiff hereby waives these causes of action.

### BREACH OF CONTRACT:

9. Defendant asserts that Plaintiff cannot maintain a claim for breach of contract because Plaintiff defaulted on her loan first. However, such an argument is misplaced, especially when the provisions of the Deed of Trust specifically detail the obligations of Defendant that only go into effect upon Plaintiff's default. Both Texas state courts and federal courts in the Fifth Circuit have held that "a party's default under a contract will only excuse the other party's performance of the contract's terms that are dependent upon the promises that the defaulting party failed to perform." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239 at

Response to Motion for Summary Judgment 3

244 (5th Cir. February 26, 2018) (citing *Hanks v. GAB Bus. Servs.*, 644 S.W.2d 707, 708 (Tex. 1982)); *Green Intern, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997). A mortgage lender may have post-default contract obligations that create a cause of action despite the borrower's default. *See Gatling v. CitiMortgage, Inc.*, 2013 WL 1625126, at *6 (S.D. Tex. April 15, 2013); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W. 3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.). See *Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10–cv1174–M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) holding "[it] is illogical for the Court to conclude that Plaintiff cannot enforce [the bank's] obligations, assumed to be contractual which arise after Plaintiff's default merely because Plaintiff is in default." As such, Plaintiff can maintain his breach of contract action even if she defaulted by missing a previous payment under the loan terms.

**PROMISSORY ESTOPPEL:**

10. Defendant asserts that Plaintiff cannot maintain a claim for promissory estoppel because the promise is covered by a valid, enforceable written agreement – Defendant is incorrect because it is focused on the Note and Deed of Trust. To the contrary, the promise made is that Defendant promised that "… the debt would be restructured once the forbearance period expired." There is no genuine issue of material fact that Defendant broke its promise to Plaintiff by failing to restructure her mortgage loan debt once the forbearance period expired and instead posting Plaintiff's Property for foreclosure sale to occur on March 07, 2023; therefore, Defendant's Motion for Summary Judgment should be denied.

## STANDARD OF REVIEW

11. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When a party moves for summary judgment on a cause of action, she is entitled to summary judgment as a matter of law if she shows that there is no evidence of one or more essential elements of a claim on which the opposing party has the burden of proof. The Federal Rules of Civil Procedure places the initial burden on Defendant to challenge whether Plaintiff can produce any evidence of each essential element of their claim. If Defendant satisfies its burden, the obligation is then placed on Plaintiff to present evidence raising a genuine issue of material fact. When reviewing a Motion for Summary Judgment, a court must apply the same legal sufficiency standard used to review a directed verdict. Accordingly, all Plaintiff must produce is no more than a scintilla of probative evidence to raise a genuine issue of material fact.

## CONCLUSION

12. All of the essential elements of Plaintiff's causes of action Violation of Texas Property Code Section 51.002, Breach of Contract, and Promissory Estoppel have been proven by Plaintiff's summary judgment evidence; therefore, the Court should deny Defendant's Motion for Summary Judgment and allow this case to proceed to a trial on the merits.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court DENY Defendant's Motion for Summary Judgment and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

VILT LAW, P.C.

By: */s/ Robert C. Vilt*
ROBERT C. VILT
Texas Bar Number 00788586
Federal Bar Number 20296

5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:    713.840.7570
Facsimile:    713.877.1827
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record and pro se parties via the court's electronic filing service on May 06, 2024.

Jon H. Patterson
Melissa Gutierrez Alonso
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 5600
Houston, TX  77002

By:    */s/ Robert C. Vilt*
ROBERT C. VILT