IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DONNA PERALES F/K/A DONNA PATINO,** | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-01740 |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB,** | § § § § | |
| *Defendant.* | § § § § | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Wilmington Savings Fund Society, FSB, as Trustee of Quercus Mortgage Investment Trust ("Wilmington") replies in support of its Motion for Summary Judgment (Doc. 12) as follows:

**A.** ***Wilmington provided evidence of compliance with Texas Property Code Ch. 51.***

Plaintiff acknowledges that Texas law does not require she actually receive foreclosure notices but argues that "it remains unproven by Defendant whether or not they actually sent the required notices."[1] This statement is inaccurate. As part of its Motion, Wilmington included the Notice of Intent to Foreclose and Notice of Acceleration as Exhibits A-4 and A-5, respectively.[2] Wilmington's corporate representative also testified in her declaration supporting the Motion that each Notice had been "sent to Plaintiff at the Property address . . . ."[3]

---

[1] Pl.'s Resp. to Def.'s Mot. for Summ. J. (Doc. 13) (the "Response") at ¶ 7.
[2] Def.'s Mot. for Summ. J. (Doc. 12) (the "Motion") at Exhibits A-4 and A-5.
[3] *Id.* at Exhibit A, ¶¶ 7-8.

"The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." TEX. PROP. CODE § 51.002(e) (West 2023). Thus, Wilmington carried its burden of demonstrating it properly sent foreclosure notices. Plaintiff provided no evidence whatsoever contradicting Wilmington's prima facie evidence of notice. As such, this claim fails.

B. ***Even if Plaintiff's contract claim is not barred by her prior material breach, it is still barred by the statute of frauds and because the undisputed evidence demonstrates Wilmington complied with the terms of the contract.***

Wilmington maintains its argument that Plaintiff's contract claim is barred by her undisputed prior material breach of the mortgage documents.[4] Even if the Court were to disregard this argument, however, Plaintiff's contract claim still fails as a matter of law because the undisputed evidence demonstrates Wilmington complied with the terms of the Deed of Trust. Further, Plaintiff does not allege Wilmington's promise to restructure the debt was in writing and, thus, her contract claim is barred by the statute of frauds.

In her Response, Plaintiff claims Wilmington breached the Deed of Trust by failing to provide her with foreclosure notices.[5] As described above, the undisputed evidence demonstrates Wilmington sent Plaintiff proper foreclosure notices.[6] This claim fails as a matter of law.

Plaintiff also claims Wilmington breached an agreement to restructure her debt after a Covid-19 forbearance. As Wilmington argued in its Motion, this claim is barred by the statute of frauds because Plaintiff provides no evidence that such an agreement was reduced to writing.[7] In her Response, Plaintiff does not address Wilmington's argument on this issue or otherwise provide

---

[4] Motion (Doc. 12) at § IV(B)(1).
[5] Response (Doc. 13) at ¶ 5.
[6] Motion (Doc. 12) at Exhibits A, A-4, and A-5.
[7] *Id.* at § IV(B)(1).

any evidence that the Parties' purported agreement to restructure the loan was in writing.[8] As such, she has failed to carry her summary judgment burden, and as a matter of law, this claim should be dismissed. *See Gossett v. Federal Home Loan Mortg. Corp.*, 919 F. Supp.2d 852, 861 (S.D. Tex. 2013) (applying statute of frauds to breach of contract claim based on alleged oral modification to loan agreement).

C.     *Plaintiff presents no evidence that the Parties agreed to sign a written agreement which would comport with the statute of frauds.*

In order for a promissory estoppel claim to survive the statute of frauds, the plaintiff must demonstrate the defendant promised to sign a written agreement which itself complies with the statute of frauds. *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982). Further, the agreement that is the subject of the promise must itself comply with the statute of frauds, meaning "the agreement must be in writing at the time of the oral promise to sign it." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010).

Plaintiff presents no evidence of such an agreement with Wilmington. In fact, Plaintiff does not even allege the existence of a written loan modification agreement that Wilmington promised to sign. In her Affidavit, Plaintiff simply states "Carrington granted me a Covid-19 Forbearance and promised me that the debt would be restructured once the forbearance period expired."[9] This unsupported statement does not: (1) allege or prove the existence of an existing written loan modification document; or (2) demonstrate any promise by Wilmington to execute such a document. In fact, Plaintiff herself does not seem to have expected the Parties to execute new loan documents, but instead thought she would simply resume making her payments pursuant to the

---

[8] Response (Doc. 13) at ¶ 9.
[9] Response (Doc. 13) at Exhibit 3, ¶ 5.

existing mortgage: "After the forbearance period expired, I contacted Carrington to see when my payment was going to resume."[10]

Plaintiff failed to establish that Wilmington promised her it would enter into a written modification of her Loan that would comply with the statute of frauds. As such, her promissory estoppel claim should be dismissed. *See Bank of Tex., NA v. Gaubert*, 286 S.W.3d 546, 555-56 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.) (upholding dismissal of promissory estoppel claim when borrower presented no evidence lender promised to sign an existing writing satisfying the statute of frauds).

For these reasons, Defendant Wilmington Savings Fund Society, FSB, as Trustee of Quercus Mortgage Investment Trust respectfully requests the Court GRANT its Motion for Summary Judgment (Doc. 12), DISMISS WITH PREJUDICE the claims asserted by Plaintiff Donna Perales f/k/a Donna Patino, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Melissa Gutierrez Alonso*
    **JON H. PATTERSON**
    Texas Bar No. 24077588
    jpatterson@bradley.com
    Bradley Arant Boult Cummings LLP
    1819 Fifth Avenue North
    Birmingham, Alabama 35203-2104
    Telephone: (205) 521-8403
    Fax:   (205) 488-6403

---

[10] *Id.*

**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I certify that on this 13th day of May, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via email:* clay@viltlaw.com
Robert C. Vilt
Vilt Law, PC
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　*/s/ Melissa Gutierrez Alonso*
　　　　　　　　　　　　　　　　　　　Melissa Gutierrez Alonso