United States District Court
Southern District of Texas
**ENTERED**
September 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONNA PERALES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-01740 |
| § | |
| WILMINGTON SAVINGS FUND § | |
| SOCIETY, FSB, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment, filed on April 19, 2024. Doc. #12. On May 6, 2024, Plaintiff filed a Response in opposition to the Motion for Summary Judgment. Doc. #13. However, on August 22, 2024, Plaintiff filed a Notice of Retraction, stating that she "is not opposed to the relief being sought by Defendant's Motion for Summary Judgment." Doc. #17. For the reasons stated below, the Court finds that the Motion for Summary Judgment should be granted.

### I. Background

On May 8, 2008, Plaintiff's husband, Ubaldo Patino ("Patino"), received a loan (the "Note") to finance his purchase of real property located on Villaret Drive in Houston, Texas (the "Property"). Doc. #12, Ex. 2. To secure repayment of the Note, Plaintiff and Patino executed a Deed of Trust encumbering the Property (the "Deed of Trust"). Doc. #12, Ex. 3. The Note and Deed of Trust (collectively, the "Loan") were assigned to Defendant. Doc. #12, Ex. 4. After Patino died in 2014, Plaintiff failed to make required payments on the Loan. *See* Doc. #12, Ex. 5. Thus, on October 5, 2021, Defendant's Loan servicer, Carrington Mortgage Services, LLC

("Carrington"), sent a notice to Plaintiff that the Loan was in default and the Property would be foreclosed on unless the delinquency was cured. *Id.* Because Plaintiff did not cure the delinquency, Carrington accelerated the Loan on November 9, 2021. Doc. #12, Ex. 6. On February 28, 2022, Carrington notified Plaintiff that she was the confirmed successor in interest to the Loan. Doc. #12, Ex. 7. Though Plaintiff was "not liable for the mortgage debt," Defendant retained "a right to foreclose on the property when permitted by law and authorized under the mortgage loan contract." *Id.* at 2. At the time Plaintiff was made successor in interest, $52,905.17 was past due on the Loan. *Id.* at 3. Though Plaintiff had applied for loss mitigation assistance with Carrington, she did not submit the required documentation and her application was eventually cancelled. *See* Doc. #12, Ex. 8. Thus, on January 16, 2023, Carrington published a notice that a foreclosure sale for the Property would be held on March 7, 2023. Doc. #12, Ex. 8.

On March 1, 2023, Plaintiff filed her Original Petition in the 157th Judicial District Court of Harris, County, Texas, to stop the foreclosure. Doc. #1, Ex. 1 at 4. Specifically, Plaintiff's Original Petition seeks a declaratory judgment and asserts claims against Defendant for fraud, breach of contract, promissory estoppel, intentional infliction of emotional distress ("IIED"), and violations of the Texas Property Code. *Id.* at 7–12. The case was removed to this Court on May 10, 2023, based on diversity jurisdiction. Doc. #1. Defendant then filed a Motion for Summary Judgment (Doc. #12), which Plaintiff does not oppose (Doc. #17).

## II.     Legal Standard

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A motion for summary judgment cannot be granted simply because there is no opposition[.] However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant

is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435 (5th Cir. 2014) (cleaned up).

### III. Analysis

#### a. Fraud

Defendant first moves for summary judgment with respect to Plaintiff's fraud claims. Doc. #12 at 4–5. Plaintiff concedes she "does not have adequate proof" of her fraud claims and therefore "waives these causes of action." Doc. #13 at 3. As such, Plaintiff's fraud claims are dismissed.

#### b. Breach of Contract and Promissory Estoppel

Next, Defendant moves for summary judgment with respect to Plaintiff's breach of contract and promissory estoppel claims. Doc. #12 at 6–8, 10. Plaintiff alleges that Defendant (1) breached an agreement between the parties to "restructur[e] the debt once the forbearance period expired," and (2) breached the Deed of Trust by "failing to send all required foreclosure notices" and by not complying with Department of Housing and Urban Development ("HUD") regulations. Doc. #1, Ex. 1 at 11. Plaintiff's promissory estoppel claim is also based on Defendant's failure to abide by its promise to "restructure the debt once the forbearance period expired." *Id.* at 12.

Breach of contract claims based on "oral modifications to a loan agreement" are generally barred by the statute of frauds. *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 571 (S.D. Tex. 2012), *aff'd*, 534 F. App'x 266 (5th Cir. 2013). Moreover, "when promissory estoppel is used to enforce a promise that would be unenforceable because of the statute of frauds, the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds." *Alvarado v. PNC Bank Nat'l Ass'n*, 660 F. Supp. 3d 612, 619 (S.D. Tex. 2023). Here, there is no evidence suggesting that the parties prepared, executed, or agreed to sign a written loan modification agreement. Thus, under the statute of

frauds, Plaintiff's breach of contract and promissory estoppel claims fail as a matter of law to the extent they are based on an agreement to modify her loan.

In addition, Defendant sent several notices, including a Notice of Intent to Foreclose, a Notice of Acceleration of Maturity, and a Notice of Substitute Trustee's Sale. Doc. #12, Exs. 5, 6, 9. There is also no evidence before the Court that creates a fact issue with regard to Plaintiff's vague claims of HUD violations. As such, Plaintiff's breach of contract claim also fails as a matter of law to the extent it is based on violations of the Deed of Trust. The Motion for Summary Judgment is therefore granted as to Plaintiff's breach of contract and promissory estoppel claims.

    c.   **Texas Property Code**

Defendant also moves for summary judgment as to Plaintiff's claim that Defendant did not comply with the Texas Property Code's notice requirements. Doc. #12 at 8–9; Doc. #1, Ex. 1 at 11–12; *see* TEX. PROP. CODE § 51.002. "Section 51.002 of the Texas Property Code, however, does not provide Plaintiffs with a private right of action." *Carey v. Fargo*, No. CV H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016). And to the extent Plaintiff intended to instead assert a claim for wrongful foreclosure, this claim must be dismissed because Plaintiff has not presented any evidence that the Property was sold at a foreclosure sale "with a grossly inadequate selling price." *See id.* (noting that "courts have construed claims for violation of section 51.002 as claims for wrongful foreclosure," which requires a plaintiff to prove "a grossly inadequate selling price"). Thus, summary judgment is granted with respect to Plaintiff's Texas Property Code claim.

    d.   **Intentional Infliction of Emotional Distress**

Next, Defendant argues the Court should grant summary judgment on Plaintiff's IIED claim. Doc. #12 at 10–11. "To recover damages for intentional infliction of emotional distress, a

plaintiff must prove," among other things, that the defendant's "conduct was extreme and outrageous." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999). "The actions of a financial institution attempting to enforce its contractual right to foreclose on a deed of trust under which the homeowner has defaulted, without more, do not meet the high bar of 'outrageous' behavior." *Auriti v. Wells Fargo Bank, N.A.*, No. 3:12-CV-334, 2013 WL 2417832, at *8 (S.D. Tex. June 3, 2013). Here, there is no issue of material fact with respect to whether Defendant engaged in "outrageous" conduct because it simply sought to enforce its rights under the Deed of Trust. As such, the Motion for Summary Judgment is granted as to Plaintiff's IIED claim.

### e. Declaratory Judgment

Plaintiff seeks a declaratory judgment under the Texas Civil Practice and Remedies Code. Doc. #1, Ex. 1 at 7. Federal courts consider requests for declaratory judgment under state law as a claim under the federal Declaratory Judgment Act. *Vestal v. Fed. Nat'l Mortg. Ass'n*, No. CV H-16-3628, 2017 WL 4217165, at *3 (S.D. Tex. Sept. 20, 2017) (citing 28 U.S.C. § 2201). "When . . . a plaintiff's claims will be dismissed, his request for declaratory relief has no merit." *Id.* Because the Court has granted summary judgment on all of Plaintiff's claims, declaratory judgment is not warranted.

## IV. Conclusion

In conclusion, the Court finds that the Motion for Summary Judgment should be GRANTED. Doc. #12. All of Plaintiff's claims are DISMISSED WITH PREJUDICE.

It is so ORDERED.

SEP 2 3 2024
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge